UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WARREN PRODUCERS, INC. | ) | |
| | ) | CASE NO. 05-13339 |
| Debtor | ) | |
| | ) | |
| | ) | |
| WARREN PRODUCERS, INC., | ) | AP NO. 06-1071 |
| et al. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| IMPERIAL GAS RESOURCES, | ) | |
| LLC, et al. | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Renewed Motion to Remand of Defendants Cappsrock Oil, LP ("Cappsrock"), Imperial Gas Resources, LLC ("IGR"), and NW Energy, LP ("NW Energy"), and the Response to the Renewed Motion to Remand of Debtor/Plaintiff Warren Producers, Inc. ("Debtor"). The Court considered the written submissions of the parties, including the Supplemental Briefs, and the arguments of counsel at the hearing held on the matter. For the following reasons, the Court **DENIES** the Renewed Motion to Remand. An Order accompanies this Memorandum-Opinion.

**PROCEDURAL BACKGROUND**

On or about February 28, 2003, Neal Energy, LLC ("Neal Energy"), Wevanco Energy, LLC ("Wevanco"), David L. Neal ("Neal"), Warren Exploration, LLC ("Warren Exploration") and Debtor entered into a Letter Agreement concerning certain oil and gas leases in Ector County, Texas. Pursuant to the Letter Agreement, Debtor and Warren Exploration purchased 75% of the net revenue interest in all oil and/or gas produced from the real property. IGR was the operator of the wells.

Warren Exploration also entered into other Letter Agreements with NW Energy and Cappsrock in March and August 2002 concerning oil and gas leases in Pecos County and Runnels County, Texas. In those Letter Agreements, Warren Exploration purchased percentages of the net revenue interest in all oil and/or gas produced from the real property. Debtor contends that all parties to the various Letter Agreements knew at the time of execution that Warren Exploration and Debtor intended to transfer operator control over the various wells to Debtor and that Debtor and Warren Exploration were induced into purchasing interests in the Letter Agreements by representations that they would be granted operator control.

Debtor contends that after it obtained licensing to operate the wells, it and Warren Exploration made demand on Neal Energy, Wevanco, Cappsrock, NW Energy and IGR to turnover operator control of the wells to Debtor, but IGR refused. Debtor also alleges that IGR has retained all of the proceeds from the wells in which it and Warren Exploration own interest.

On or about May 21, 2004, Debtor filed a Petition and Application for Appointment of Receiver against Cappsrock and IGR in the District Court of Runnels County, Texas. In that action, Debtor alleged breach of contract against Cappsrock and IGR based on the Runnels County Letter

Agreement. The suit seeks an accounting, damages, partition and a declaratory judgment concerning the parties' rights under the Letter Agreement.

On or about July 2, 2004, Cappsrock and IGR filed their Answer to the Petition. They generally denied the allegations and referenced other pending litigation between the parties in other state courts which involved the other Letter Agreements. Cappsrock and IGR also asserted the claims and relief requested in those lawsuits were related to those in this lawsuit and that they should be consolidated in order to efficiently resolve the issues.

On or about August 12, 2005, IGR, Cappsrock and NW Energy filed an Involuntary Chapter 7 Petition against Debtor in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. The same parties also filed an Involuntary Chapter 7 Petition against Warren Exploration in the Dallas Bankruptcy Court.

At a trial on the merits of the Involuntary Petition against Warren Exploration, the Dallas court declined to enter an order of relief. Instead of pursuing damages, Warren Exploration and the other parties agreed to transfer the Debtor's bankruptcy proceeding to this Court.

On February 12, 2006, the Texas Bankruptcy Court entered an Order of Relief in this bankruptcy case. On March 28, 2006, the Texas Bankruptcy Court entered an Order transferring Debtor's case to this Court.

On or about May 19, 2006, Debtor removed the state court action to the United States Bankruptcy Court for the Northern District of Texas, San Angelo Division, pursuant to 28 U.S.C. §1452.

On or about May 24, 2006, Debtor requested transfer of this case to this Court. Cappsrock, IGR and NW Energy opposed this request and requested remand.

On or about July 3, 2006, the San Angelo District Court transferred venue of the state court action to this Court without prejudice to any party seeking remand.

On or about October 3, 2006, Cappsrock, IGR and NW Energy filed its Renewed Motion to Remand Proceeding. On October 3, 2006, Debtor filed its Response to Defendants' Motion. Following a hearing on the matter, the parties submitted Supplemental Briefs on the issue of remand.

## **LEGAL ANALYSIS**

Cappsrock, IGR and NW Energy request this Court to remand the state court action to the Texas State Court for several reasons. First, they contend this Court must abstain from hearing this case based on the principles of mandatory abstention under 28 U.S.C. §1334(c)(2). That section of the statute states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

The Defendants contend that this case involves only a state law cause of action, that there is no basis for federal court jurisdiction, other than the bankruptcy, that the state court can timely adjudicate this case and that the state court claims are not "core" bankruptcy matters, but only "related to" the pending bankruptcy. This Court finds that mandatory abstention does not apply to the case before the Court.

While the state court case contains state law claims, there is an independent basis for federal jurisdiction. As Debtor notes, there is diversity among the parties and the amount in controversy is alleged to be in excess of the jurisdictional minimum of $75,000. 28 U.S.C. §1332(a)(1). The

-4-

parties dispute the amount in controversy. It is well settled in this Circuit that the District Court should consider the amount alleged in the Complaint and should not dismiss a complaint for lack of subject matter jurisdiction "unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." Massachusetts Cas. Ins. Co. v. Harmon, 88 F.3d 415 (6th Cir. 1996), quoting Klepper v. First American Bank, 916 F.2d 337, 340 (6th Cir. 1990). The Court is not convinced to a legal certainty that the Debtor's claim is made in bad faith or that it cannot recover less than $75,000 if it is successful on its claims. Therefore, an independent basis for federal jurisdiction exists.

Defendants also claim that the matters at issue are not core bankruptcy proceedings. The Court finds no merit in this claim. Core matters are defined in 28 U.S.C. §157. Included in this definition are orders for turn over of estate property and matters concerning the administration of the estate. See, 28 U.S.C. §157(b)(2)(A) and (E). The matters in dispute revolve around the series of Letter Agreements. Debtor claims IGR has wrongly refused to turn over operation of the wells to it. These claims necessarily involve administration of the estate and estate property. Accordingly, they are core proceedings and mandatory abstention is inappropriate.

This Court previously denied remand in several related adversary proceedings concerning interpretation of the Letter Agreements. See, A.P. #06-01047, Warren Producers, Inc. v. Abbott, et al. and A.P. #06-01048, Ector Investors, LP v. BML, Inc., et al. Judicial economy and efficient administration of the estate are best served when adversary proceedings are litigated in the same venue as the bankruptcy case. In re Windsor Communications Group, Inc., 53 B.R. 293, 296 (Bankr. E.D. Pa. 1985); In re Vital Link Lodi, Inc., 240 B.R. 15, 19 (Bankr. W.D. Mo. 1999). This Court can timely and efficiently handle this state court case in conjunction with this bankruptcy and the

-5-

related adversary proceedings. The claims asserted will directly affect the administration of the estate, estate property and reorganization of the Debtor.

Remand of a removed case is governed by 28 U.S.C. §1452. The pertinent part of this statute states:

• • • • •
> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. . . .

28 U.S.C. §1452(b). The key phrase "any equitable ground" provides the bankruptcy court with broad authority and discretion in determining whether to remand a proceeding. In re Grace Community, Inc., 262 B.R. 625, 629 (Bankr. E.D. Pa. 2001). "Equitable grounds" for remand have been interpreted to include inconvenient forum, deference to the expertise of the original forum and preference for having an entire dispute resolved in one court. In re Hotel Mt. Lassen, Inc., 207 B.R. 935, 942 (Bankr. E.D. Cal. 1997). In addition to the equitable factors, other factors considered by courts in determining whether remand is appropriate are generally the same as those for discretionary abstention. In re Best Reception Systems, Inc., 220 B.R. 932, 957 (Bankr. E.D. Tenn. 1998). In general, a seven part test is used:

> (1) the effect of the efficient administration of the bankruptcy estate;
> (2) the extent to which issues of state law predominate;
> (3) the difficulty or unsettled nature of applicable state law;
> (4) comity;
> (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (6) the existence of a right to a jury trial;
> (7) prejudice to the involuntarily removed defendants.

In re Underwood, 299 B.R. 471, 478 (Bankr. S.D. Ohio 2003). Analysis of these factors leads this Court to retain venue of the case.

The overriding factor is that the lawsuit directly involves property of the bankruptcy estate, over which federal courts have exclusive jurisdiction. 28 U.S.C. §1334(d). This action will affect the administration of the estate. It will therefore promote the efficient administration of the estate to have the claims tried before this Court.

There are no difficult state law issues involved in this case that this Court is not capable of handling. This Court routinely handles contract disputes. Furthermore, the claims asserted are not remote to this bankruptcy, but rather will directly affect the administration of the estate, estate property and reorganization of the Debtor.

Finally, the Defendants were the petitioning creditors who filed the Involuntary Petition against Debtor. They were well aware at that time that the state court action was pending. It should have been no surprise that the pending state court action would be transferred to this Court, particularly since the issues involved affect the administration of the Debtor's estate and involve estate property.

## CONCLUSION

For all of the above reasons, the Renewed Motion to Remand of Defendants Cappsrock Oil, LP, Imperial Gas Resources, LLC and NW Energy, LP is **DENIED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| WARREN PRODUCERS, INC. ) | |
| ) | CASE NO. 05-13339 |
| Debtor ) | |
| ) | |
| ) | |
| ) | |
| WARREN PRODUCERS, INC., ) | AP NO. 06-1071 |
|     et al. ) | |
| ) | |
| Plaintiff ) | |
| v. ) | |
| ) | |
| IMPERIAL GAS RESOURCES, ) | |
|     LLC, et al. ) | |
| ) | |
| Defendant(s) ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Renewed Motion to Remand of the Defendants Cappsrock Oil, LP, Imperial Gas Resources, LLC and NW Energy, LP, be and hereby is **DENIED**.